UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ALLEN ECKARD,

        Plaintiff,

v.

DANIEL STITES,

        Defendant.

Case No. C19-738-RSM-MLP

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging a violation of his Fourteenth Amendment rights. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. The present matter comes before the Court on Plaintiff's motion for appointment of counsel. (Dkt. # 20.) Defendant opposes Plaintiff's motion. (Dkt. # 21.) After careful consideration of the motion, the governing law, and the balance of the record, the Court finds that the complexity of the legal issues present in this case and Plaintiff's ability to articulate his claims do not constitute exceptional circumstances to justify the appointment of counsel. Plaintiff's motion for appointment of counsel (dkt. # 20) therefore is DENIED.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the

voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

The Court concludes Plaintiff has not shown a likelihood of success on the merits. In addition, Plaintiff appears able to articulate his claims *pro se* given that the legal issues are not particularly complex. Indeed, the single claim against one defendant raised in Plaintiff's action – a violation of his Fourteenth Amendment rights by being temporarily placed in an observation unit – is straightforward in terms of both the law and the facts. To the extent Plaintiff claims difficulties developing the factual record and conducting discovery, those issues are not unique to him. If such difficulties were sufficient to establish "exceptional circumstances," nearly every *pro se* prisoner would be entitled to pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel]."). Furthermore, the discovery deadline in this matter has passed and there are several pending dispositive motions.

Plaintiff alleges in his motion that he is being "utterly deprived" of the use of the law library and has therefore not been able to conduct research. (Dkt. # 20 at 1.) Despite this

allegation, Plaintiff has managed to file an opposition to Defendant's amended motion for judgment on the pleadings, a motion for summary judgment, and the current motion for appointment of counsel which includes a motion to deny Defendant's cross-motion for summary judgment. A review of the Court's docket also shows that Plaintiff has been actively filing various pleadings in his other matters. *See, e.g.*, *Eckard v. Kane, et al.,* C19-882-JCC-MAT, *Eckard v. Langdon, et al.,* C19-579-JCC-MAT, *Eckard v. Lee,* C19-429-RAJ-MLP, *Eckard v. Thomas, et al.,* C19-104-RSM. Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

The Clerk is directed to send a copy of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

Dated this 13th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge